UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**ERIN JERMAINE SMITH-SPENCER**                                              **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:19-CV-P157-JHM**

**M. SMITH et al.**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Erin Jermaine Smith-Spencer filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, this action will be dismissed in part and allowed to continue in part.

### I. SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). He names as Defendants in their individual and official capacities LMDC Special Operations Response Team (SORT) Corrections Officers M. Smith and Ray. He states that on January 31, 2019, SORT team officers brought another inmate into the single cell where he was housed. He states that the neighboring inmate set off the fire alarm, causing the SORT team to mace and "shoot[]" his neighbor, put him in a restraint chair, and take him somewhere. Plaintiff states that "[a]bout 20 minutes later I started to use the toilet and for privacy I covered my window." According to the complaint, SORT officers came to the door and told him to take the paper down and go to the back of his cell. He states that when he told them he was using the bathroom, "All of a sudden they open my slot on the cell door spraying mace, sometimes

opening my door slightly to shoot pepper balls in my cell, they did these things a couple of time[s] or more."

Plaintiff further alleges that SORT officers eventually ran into his cell with a shock shield and someone punched him, although he does not know who because they were wearing helmets, gas masks and protective vests which covered the names on their clothing. He states that he could only make out who two of them were. He further states that, when he was on the ground, they put him in shackles and a restraint chair. He states that the shackles were extremely tight cutting off circulation in his left wrist and turning it purple. Plaintiff states that he asked them to take pictures of his scars and bruising but they did not do so until the next day after most of the swelling had gone down. He further states that his rights were violated by illegal use of force, and that:

> I was . . . aimed at at by M. Smith with the pepper ball gun to my head. And he was shooting towards my head also. Several times M. Smith SORT Officer did this. And SORT Correction Officer Ray had the shock shield and charged me with it taking me to the ground.

As relief, Plaintiff requests monetary damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff

has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Official-capacity claims***

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against the employees of LMDC in their official capacities are actually brought against the Louisville Metro government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like the Louisville Metro government, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal

3

liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff does not allege the existence of a Louisville Metro policy or custom that was the moving force behind the alleged unconstitutional use of force. Consequently, Plaintiff has failed to state a claim against Defendants in their official capacities.

***Individual-capacity claims***

The Court will allow Plaintiff's excessive-force claims to go forward against Defendants in their individual capacities. In doing so, the Court expresses no opinion on the ultimate merit of those claims.

## III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims against Defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the remaining claims.

Date: June 17, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
 Jefferson County Attorney
4414.009